[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Harper*, Slip Opinion No. 2020-Ohio-2913.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-2913

THE STATE OF OHIO, APPELLANT, *v*. HARPER, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Harper*, Slip Opinion No. 2020-Ohio-2913.]

*Criminal law—A trial court must include notice to a defendant that any violation of postrelease control will subject the defendant to the consequences for such violation provided in R.C. 2967.28—Failure of a trial court to include that notice in the sentencing entry does not render the postrelease-control portion of a sentence void—If a sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal—To the extent that prior cases held that the failure to properly impose postrelease control in a sentence renders that portion of the defendant's sentence void, those cases are overruled—Court of appeals' judgment reversed in part.*

(No. 2018-1144—Submitted November 13, 2019—Decided May 14, 2020.)

APPEAL from the Court of Appeals for Franklin County,

No. 17AP-762, 2018-Ohio-2529.

_____

**KENNEDY, J.**

{¶ 1} In *State v. Grimes*, we held that a trial court does not properly impose postrelease control if the sentencing entry does not notify the offender that any violation of the conditions of postrelease control will subject the offender to the consequences for a violation provided in R.C. 2967.28. 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1. This discretionary appeal from the Tenth District Court of Appeals asks us to clarify whether our decision in *Grimes* applies retroactively and whether the failure to provide notice of the consequences of a violation of postrelease control in the sentencing entry renders the imposition of postrelease control void ab initio and subject to collateral attack at any time. Our resolution of the second issue makes it unnecessary to address the first issue.

{¶ 2} Our jurisprudence on void sentences arose out of the recognition that the General Assembly alone has the power to define offenses and prescribe punishment and that a court therefore lacks authority to substitute a different sentence for one provided by statute. In cases in which the trial court inadvertently failed to properly impose postrelease control in the sentence, we provided a remedy by holding that the failure rendered the sentence—or part of the sentence—void and subject to correction at any time before the expiration of the original sentence. *See generally State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶ 3} In attempting to apply this remedy, we have had to add additional exceptions to the traditional rule that errors in sentencing are not jurisdictional and that those errors render the resulting sentence voidable, not void. Our attempt to bring clarity to the law, however, has burdened Ohio courts with unnecessary litigation challenging errors in the imposition of postrelease control that could have

been raised by the parties at sentencing or on direct appeal, undermining the finality of criminal judgments.

{¶ 4} Today, we realign our precedent in cases involving the imposition of postrelease control with the traditional understanding of what constitutes a void judgment. When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal.

{¶ 5} In this case, the common pleas court had subject-matter jurisdiction over the case and personal jurisdiction over the accused. Because the court had the constitutional and statutory power to enter a finding of guilt and impose a sentence, any error in the exercise of its jurisdiction in failing to properly impose postrelease control rendered the judgment of conviction voidable, not void, and it is not subject to collateral attack. Therefore, to the extent any prior case conflicts with our holding today, it is overruled.

{¶ 6} Accordingly, we reject the notion that the failure to incorporate a notice of the consequences of a violation of postrelease control in the sentencing entry as required by *Grimes* renders the sentence void to the extent that it does not properly impose postrelease control. We therefore reverse the appellate court's judgment remanding this case to the trial court for further proceedings to correct the entry imposing postrelease control.

**Facts and Procedural History**

{¶ 7} In April 2012, the Franklin County grand jury indicted appellee, Andre Dejuan Harper, on two counts of robbery, one charged as a second-degree felony and the other charged as a third-degree felony. In February 2013, he pleaded guilty to robbery as a third-degree felony, and the state agreed to dismiss the second-degree-felony count of robbery. At the plea hearing, the trial court advised

Harper in writing that he would be subject to postrelease control and notified him of the consequences of violating it.

{¶ 8} The trial court then sentenced Harper to three years in prison and imposed a mandatory three-year term of postrelease control. Neither party disputes that the trial court gave the oral notices required by R.C. 2929.19(B) in imposing postrelease control, and the trial court informed Harper of the consequences of violating postrelease control—i.e., that the Adult Parole Authority (APA) may impose a prison term of up to one-half of the stated prison term—in a separate document. However, the court did not include the consequences of a violation of postrelease control in the sentencing entry itself. Harper did not file a notice of appeal to challenge his sentence, and he was released from prison on September 11, 2015, and placed on postrelease control.

{¶ 9} In July 2017, after Harper was charged with violating the conditions of his postrelease-control sanction, he moved to vacate that portion of his sentence, alleging that it was void because the sentencing entry failed to state the consequences of violating postrelease control as required by this court's recent decision in *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700. The trial court denied the motion, and Harper appealed.

{¶ 10} The Tenth District Court of Appeals rejected the state's arguments that our decision in *Grimes* did not apply retroactively to Harper's case and that Harper's motion was barred by res judicata, explaining that "a failure to properly impose post-release control renders a sentence void in relevant part and therefore open to challenge at any time, irrespective of finality or other principles of res judicata." 2018-Ohio-2529, 115 N.E.3d 840, ¶ 15. Notwithstanding this holding, however, the appellate court concluded that "although the imposition of post-release control in the judgment entry was defective under *Grimes*, it stated enough information * * * to impose post-release control and permit the APA to begin administering it * * *. As a consequence, * * * Harper remains validly under

sentence, even though it may not have been perfectly imposed." *Id*. at ¶ 18. The court of appeals affirmed the denial of Harper's motion to vacate, but it also remanded the matter to the trial court with instructions to enter a nunc pro tunc entry to include the "consequences" language required by *Grimes*. *Id.* at ¶ 19-20.

{¶ 11} We accepted the state's discretionary appeal on the following propositions of law:

> (1)  This Court's decision in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, does not apply retroactively to convictions that were already final when *Grimes* was decided.
>
> (2)  The absence of "consequences" language in a sentencing entry as required by *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, does not render the sentence void.

*See* 153 Ohio St.3d 1503, 2018-Ohio-4285, 109 N.E.3d 1260.

### Positions of the Parties

{¶ 12} The state maintains two positions. The first is that a new judicial ruling does not apply retroactively to cases that are final—i.e., when all appellate remedies have been exhausted—when the new rule is announced. It contends that our decision in *Grimes* is a new judicial ruling because no earlier case had required trial courts to include the consequences of a postrelease-control violation in the sentencing entry in order to properly impose postrelease control, and the court was neither construing a statute for the first time nor overruling prior caselaw. According to the state, the court of appeals deviated from these principles when it applied *Grimes* to Harper's already final case based on the court's view that the failure to comply with *Grimes* rendered the postrelease-control sanction void. The state's second position is that contrary to the holding of the Tenth District, the failure to include the consequences of a violation of postrelease control in the

sentencing entry does not make the postrelease-control sanction void. The state notes that there is no statute that imposes that requirement on trial courts and that errors in the manner in which the trial court imposes postrelease control are not jurisdictional errors. And even if the omission of consequences language in this case fits within this court's jurisprudence on void sentences, then the state urges that we should overrule those cases and hold that errors in imposing postrelease control do not render any part of a defendant's sentence void.

{¶ 13} Harper asserts that this appeal should be dismissed as improvidently allowed. He explains that the issues presented are moot because the court of appeals affirmed the trial court's denial of his motion to vacate his postrelease control as void, and he had fully served his postrelease control before we accepted the appeal. He also maintains that the trial court's failure to include the consequences of a postrelease-control violation in the sentencing entry could be considered merely a clerical error that could have been corrected with a nunc pro tunc order "without having made any reference to the *Grimes* opinion whatsoever."

{¶ 14} On the merits of this case, Harper argues that the court of appeals correctly rejected the state's argument that *Grimes* does not apply retroactively. He contends that *Grimes* did not announce a new judicial ruling because this court's caselaw had already required the consequences of a postrelease-control violation to be included in the sentencing entry. But even if *Grimes* announced a new rule, he asserts that it applies retroactively to cases that were final because this court was interpreting a statute and explaining what it has always meant since its enactment. He also urges that once he had claimed that a new decision from this court had established that his postrelease-control sanction was void, the court of appeals was obligated to apply that decision to his case, even if it was decided after his original conviction and direct appeal. Harper contends that the state's argument relating to void sentences amounts to an improper request for an advisory opinion, because although the court of appeals relied on *Grimes* in finding the sentencing entry to be

6

defective, it nonetheless held that his postrelease-control sanction was not void. He cautions the court against deciding whether to overrule its void-sentence jurisprudence when doing so is not necessary to resolve this case, the issue is not properly before the court, and it has not been fully briefed by the parties.

{¶ 15} We decline to dismiss this case as moot. As the state points out, Harper's unfavorable termination from his postrelease control is a collateral consequence of his violation. Pursuant to R.C. 2929.12(D)(1), that designation must be considered by a court if he is convicted of other crimes in the future.

{¶ 16} We also find, contrary to the argument of Harper, that the state's second proposition of law—that "[t]he absence of 'consequences' language in a sentencing entry as required by *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, does not render the sentence void"—is properly before us.

{¶ 17} The Tenth District Court of Appeals distilled the question before it as "whether the trial court's journal entry sufficiently and lawfully incorporated notice of post-release control." 2018-Ohio-2529, 115 N.E.3d 840, ¶ 10. As the state properly recognizes, the appellate court then determined that the trial court's entry addressed only one of the *Grimes* requirements, the applicable years of mandatory post-release control, *id*. at ¶ 11-12, and then, citing *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, observed that "the failure to properly impose post-release control renders a sentence void in relevant part and therefore open to challenge at any time, irrespective of finality or other principles of res judicata," *id*. at ¶ 15. In conclusion, the appellate court held:

> Supreme Court of Ohio precedent renders judgment entries partially void if post-release control is not appropriately imposed and consequently enables the relevant parts of such entries to be challenged at any time. Because challenge may occur at any time concerning this issue, and because the judgment entry in this case

imposes the appropriate term of mandatory post-release control but does not at all mention the consequences to the offender for violating post-release control, we remand * * * for the issuance of a nunc pro tunc entry that complies with *Grimes*.

*Id*. at ¶ 20.

{¶ 18} A defendant's ability to challenge an entry at any time is the very essence of an entry being void, not voidable. *See Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 35 (DeWine, J., concurring in judgment only). If the entry were merely voidable, res judicata would apply. *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. Therefore, the appellate court did hold the judgment entry below void.

{¶ 19} Lastly, because we can resolve this case by deciding the state's second proposition of law regarding whether the failure to include the consequences of violating postrelease control in the sentencing entry renders the postrelease-control sanction void, we decline to consider the state's first proposition of law as to whether *Grimes* applies retroactively.

**Law and Analysis**

{¶ 20} We agree with the state that "the void-sentence doctrine starts from the premise that there are two types of sentencing errors: Errors that make the sentence void, and errors that make the sentence merely voidable."

{¶ 21} More than 150 years ago, Justice Swan, writing for the court in *Ex parte Shaw*, confronted the question whether the trial court's failure to impose a statutorily mandated three-year term of imprisonment for the offense of horse-stealing "render[ed] the sentence void, and the commitment of the relator unlawful?" 7 Ohio St. 81, 82 (1857). Instead of the required three years, the trial court had imposed a one-year prison term. The court answered that question easily:

> The question is one simply of jurisdiction.
>
> The court had jurisdiction over the offense and its punishment. It had authority to pronounce sentence; and while in the legitimate exercise of its power, committed a manifest error and mistake in the award of the number of years of the punishment. The sentence was not void, but erroneous.

*Id.* The court noted that the writ of error is "for the correction of irregularities and errors in proceedings which result in conviction and in sentences." *Shaw* at 82. On the other hand, the writ of habeas corpus is available "if the court has sentenced the relator for an offense over which, by law, it had no jurisdiction whatever, so that the proceedings and sentence were manifestly *coram non judice*, and void, the imprisonment following such void sentence would have been unlawful." *Id.* The offender in *Shaw* had been "detained by virtue of the judgment of a court, *possessing general jurisdiction in criminal cases*." (Emphasis added.) *Id.* Therefore, his sentence was not void, and he was not entitled to the writ of habeas corpus.

{¶ 22} In 1967, more than a century after *Shaw*, we applied the same rule: "a judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted." *State v. Perry*, 10 Ohio St.2d 175, 178, 226 N.E.2d 104 (1967). "Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes *res judicata* as between the state and the defendant." *Id.* at 178-179.

{¶ 23} Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case. *Pratts v. Hurley*,

102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34. "It is a 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' " *Id.* at ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. Rather, the focus is on whether the forum itself is competent to hear the controversy. *See* 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

{¶ 24} Article IV, Section 4(A) of the Ohio Constitution provides that "[t]here shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state," and Article IV, Section 4(B) establishes that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." As we explained in *State v. Aalim*, "Article IV, Section 4(B) of the Ohio Constitution grants exclusive authority to the General Assembly to allocate certain subject matters to the exclusive original jurisdiction of specified divisions of the courts of common pleas." 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 2.

{¶ 25} The General Assembly exercised that power in enacting R.C. 2931.03, which provides that "[t]he court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." Accordingly, "[j]urisdiction over all crimes and offenses is vested in the court of common pleas, general division, unless such jurisdiction specifically and exclusively is vested in other divisions of the court of common pleas or in the lower

courts." *State ex rel. McMinn v. Whitfield*, 27 Ohio St.3d 4, 5, 500 N.E.2d 875 (1986). We have therefore recognized that pursuant to R.C. 2931.03, "a common pleas court has subject-matter jurisdiction over felony cases." *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8.

{¶ 26} " 'Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, "* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *." ' " (Ellipses in *Pizza*.) *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 12, quoting *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384, 582 N.E.2d 992 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854). And when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void. *Id*. at ¶ 12, 21. Generally, a voidable judgment may only be set aside if successfully challenged on direct appeal. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28.

{¶ 27} By outlining the history of our jurisprudence and the "modern expansion" of the void-sentence doctrine, the state demonstrates that our caselaw has not always limited the understanding of void judgments to those that are entered by a court lacking subject-matter or personal jurisdiction. Rather, we have concluded that the traditional view of void judgments "does not adequately address the constitutional infirmities of a sentence imposed without statutory authority." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 20. Our void-sentence jurisprudence arose out of a respect for the separation of powers in our tripartite system of government and our recognition that the General Assembly alone has the authority to define offenses and prescribe the punishment for violations. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22.

**{¶ 28}** Our caselaw provided a remedy for the failure to impose a statutorily mandated term in the sentence: "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). In *Beasley*, the trial court had imposed only a fine on the offender when the statute mandated a 2-to-15-year prison term. We held that "the trial court exceeded its authority and this sentence must be considered void," *id.*, and because jeopardy did not attach to the void sentence, "the trial court's correction of a statutorily incorrect sentence did not violate appellant's right to be free from double jeopardy," *id.* at 76.

**{¶ 29}** *Beasley* remained largely an outlier until it gained new life as we grappled with trial courts' failure to adhere to the General Assembly's specific statutory requirements for imposing postrelease control. In *State v. Jordan*, we held that the trial court's failure to comply with its statutory duty to provide notice of postrelease control at the sentencing hearing rendered the resulting sentence "contrary to law" and "void." 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. We also concluded that the trial court's duty to comply with the notice provisions "is the same as any other statutorily mandated term of a sentence." *Id.* at ¶ 26.

**{¶ 30}** Although *Jordan* was a direct appeal and not a collateral attack, cases following *Jordan* adhered to the view that the failure to properly impose postrelease control rendered the sentence void and permitted it to be corrected at any time prior to the expiration of the journalized sentence. *E.g.*, *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 28; *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 6; *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 8.

**{¶ 31}** Because we treated a void sentence as if no sentence had been entered, we held that a void sentence could only be corrected with a de novo sentencing hearing on any offense for which postrelease control was not properly

imposed. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, *overruled in part*, *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 36. As a logical consequence, offenders began to argue that an appeal from a void sentence was itself a nullity because of the lack of a final appealable order and, therefore, that an appeal from a de novo sentencing hearing to properly impose postrelease control constituted " '[the] first direct appeal' in which [the offender] may raise any and all issues relating to his conviction." *Fischer* at ¶ 4, quoting *State v. Fischer*, 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083, ¶ 4. We rejected that argument in *Fischer*, overruling *Bezak*, *id*. at ¶ 36, and holding that although a postrelease-control sanction is void if not properly imposed, *id*. at paragraph one of the syllabus, the "determination of guilt and the lawful elements of the [original] sentence" were nonetheless valid and remained subject to res judicata, *id*. at paragraph three of the syllabus.

{¶ 32} In *State v. Singleton*, we acknowledged "the General Assembly's authority to alter our caselaw's characterization of a sentence lacking postrelease control as a nullity and to provide a mechanism to correct the procedural defect by adding postrelease control at any time before the defendant is released from prison." 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 26. We suggested that the legislature had displaced our void-sentence jurisprudence and provided that statutory remedy when it passed Am.Sub.H.B. No. 137, 151 Ohio Laws, Part IV, 7622, 7659-7661, which, among other changes, enacted R.C. 2929.191, effective July 11, 2006. *See Singleton* at ¶ 25. We held that "[f]or criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Id.* at paragraph two of the syllabus. Nonetheless, we have continued to permit collateral attacks on sentences imposed on or after July 11, 2006. *E.g., Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 2 (sentence

entered in 2011); *State v. Johnson*, 155 Ohio St.3d 441, 2018-Ohio-4957, 122 N.E.3d 126, ¶ 2 (sentence entered in 2013).

{¶ 33} In *Fischer*, we also proclaimed that our void-sentence jurisprudence was "limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 31. But rather than contain it to cases involving postrelease control, we have expanded it to other sentencing errors—i.e., the failure to include a mandatory driver's license suspension in the sentence, *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus; the failure to include a mandatory fine in the sentence, *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus; and the failure to merge counts found by the court to be allied offenses of similar import, *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 28.

{¶ 34} Our void-sentence jurisprudence has resulted in seemingly endless litigation asking us to determine which sentencing errors must be raised on direct appeal and which may be raised at any time. And we have not managed to contain it to "a discrete vein of cases." It is therefore time for this court to reevaluate the basic premise of our void-sentence jurisprudence and the remedy for the failure to properly impose postrelease control.

{¶ 35} Neither *Beasley* nor *Jordan* nor their progeny have persuasively explained why a sentencing error implicating the separation-of-powers doctrine renders any part of the sentence void ab initio, as we have long recognized that other failures to comply with statutory mandates make a sentence merely voidable, not void. *Carmelo v. Maxwell*, 173 Ohio St. 569, 570, 184 N.E.2d 405 (1962) ("even if a sentence is given for a definite term (contrary to the provisions of [former R.C. 5145.01, Sub.H.B. 180, Section 1, 129 Ohio Laws, 1193, 1194]), such fact does not void the sentence"); *Stahl v. Currey*, 135 Ohio St. 253, 20 N.E.2d 529 (1939) (sentence imposed by a justice of the peace who exceeded statutory

14

authority was voidable); *In re Winslow*, 91 Ohio St. 328, 330, 110 N.E. 539 (1915) ("If the court in sentencing [Winslow] did not act under [the burglary] statute, but sentenced him under another statute, which for the purposes of this case may be conceded to have been invalid, the sentence was erroneous and voidable but not void"); *Ex parte Van Hagan*, 25 Ohio St. 426, 432 (1874) ("The punishment inflicted by the sentence, in excess of that prescribed by the law in force, was erroneous and voidable, but not absolutely void").

{¶ 36} As seen in the lineage of our caselaw, the same year we decided *Jordan*, we explained in *Pratts* that "[a]lthough R.C. 2945.06 mandates the use of a three-judge panel when a defendant is charged with a death-penalty offense and waives the right to a jury, the failure to convene such a panel does not divest a court of subject-matter jurisdiction so that a judgment rendered by a single judge is void ab initio." 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 24. Rather, we held that the failure to adhere to the statute's requirements "constitutes an error in the court's exercise of jurisdiction over a particular case, for which there is an adequate remedy at law by way of direct appeal." *Id*.

{¶ 37} The current state of our void-sentence jurisprudence also runs counter to the doctrine of res judicata and disrupts the finality of judgments of conviction. We have recognized that " ' "[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." ' " *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), quoting *Baldwin v. Iowa State Traveling Men's Assn.,* 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). This public policy is reflected in the doctrine of res judicata, which "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v.*

*Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. But contrary to these time-honored principles, our void-sentence jurisprudence has invited continued relitigation of the validity of a sentence—sometimes more than a decade after sentencing, *e.g.*, *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 6.

{¶ 38} We do not reach today's decision lightly. We acknowledge that the doctrine of stare decisis dictates adherence to prior judicial decisions. "*Stare decisis,* however, was not intended 'to effect a "petrifying rigidity," but to assure the justice that flows from certainty and stability. If, instead, adherence to precedent offers not justice but unfairness, not certainty but doubt and confusion, it loses its right to survive, and no principle constrains us to follow it.' " *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438, 628 N.E.2d 46 (1994), quoting *Bing v. Thunig*, 2 N.Y.2d 656, 667, 143 N.E.2d 3 (1957).

{¶ 39} For more than 15 years, we have attempted to manage, distinguish, and hold the line of our "discrete vein of cases" to no avail. Our void-sentence jurisprudence attempted to bring clarity, but instead has sown doubt over the finality of criminal sentences and confused litigants and jurists alike. Continued adherence to this jurisprudence for errors in the imposition of postrelease control excepts a narrow class of our cases from established, fundamental principles of law without providing any sound basis for departing from those principles. We conclude that this is no longer tenable and agree with the state and amicus curiae the Ohio Attorney General that now is the time to realign our void-sentence jurisprudence.

{¶ 40} For all of the reasons stated above, we overrule our precedent to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void. We do this not because we reject the precept that courts lack authority to substitute a different sentence for that provided by statute, but because noncompliance with requirements

16

for imposing postrelease control is best remedied the same way as other trial and sentencing errors—through timely objections at sentencing and an appeal of the sentence.

{¶ 41} In this case, Harper was indicted on two counts of robbery in violation of R.C. 2911.02(A)(2) and 2911.02(A)(3), which are second- and third-degree felonies, respectively, pursuant to R.C. 2911.02(B).  It was therefore within the subject-matter jurisdiction of the common pleas court to accept his plea of guilty and sentence him.  Any error in imposing the postrelease-control sanction in his sentence was an error in the exercise of the trial court's jurisdiction that could have been objected to at trial and that may have been reversible error on direct appeal.  However, such an error did not render any part of Harper's sentence void.  And because Harper could have raised his argument that the trial court failed to properly impose postrelease control on appeal, it is now barred by the doctrine of res judicata.  *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 7; *Szefcyk*, 77 Ohio St.3d at 95, 671 N.E.2d 233.

**Conclusion**

{¶ 42} A sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused.  When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.

{¶ 43} Having realigned our jurisprudence with the traditional understanding of void and voidable sentences, we caution prosecuting attorneys, defense counsel, and pro se defendants throughout this state that they are now on notice that any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata.  *See* R.C. 2953.02 (providing for

appeals in criminal cases); 2954.08 (providing for prosecution and defense appeals of felony sentences); 2945.67 (providing when the prosecution may appeal).

{¶ 44} Accordingly, we reverse the judgment of the Tenth District Court of Appeals to the extent that it remanded the case to the trial court to correct the entry imposing postrelease control.

Judgment accordingly.

TRAPP, DEWINE, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

FISCHER, J., concurs in judgment only, with an opinion.

MARY JANE TRAPP, J., of the Eleventh District Court of Appeals, sitting for FRENCH, J.

_____

**FISCHER, J., concurring in judgment only.**

{¶ 45} Although I generally agree with the analysis set forth in the majority opinion regarding the need to realign our jurisprudence with the traditional understanding of void and voidable sentences, I would defer addressing that issue until it has been presented in a case free of the significant procedural defects present here. Thus, I respectfully concur in judgment only.

**I. This is not the ideal case in which to consider the continued viability of the void-sentence doctrine**

{¶ 46} As noted in the majority opinion, appellee, Andre D. Harper, takes the position that this court should not decide whether to overrule our void-sentence doctrine when doing so is not necessary to resolve the case, as the issue has neither been properly presented to this court nor fully briefed by the parties. Majority opinion at ¶ 14. I find this argument to be compelling in this case.

{¶ 47} More significantly, appellant, the state of Ohio, did not raise a facial challenge to the void-sentence doctrine below before filing its jurisdictional appeal. "A first principle of appellate jurisdiction is that a party ordinarily may not present

an argument on appeal that it failed to raise below." *State v. Wintermeyer*, ___ Ohio St.3d ___, 2019-Ohio-5156, ___ N.E.3d ___, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). It has been noted that " 'the most measured sense of judicial restraint confines this court to passing upon only those issues developed below.' " *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, ___ Ohio St.3d ___, 2019-Ohio-5157, ___ N.E.3d ___, ¶ 35 (Kennedy, J., concurring in part and concurring in judgment only in part), quoting *Fulmer v. Insura Property & Cas. Co.*, 94 Ohio St.3d 85, 100, 760 N.E.2d 392 (2002) (Cook, J., dissenting). Thus, in cases in which parties have failed to raise certain issues before the court of appeals, "[o]ur review should * * * be confined to the issue actually litigated by the parties and decided by the court of appeals in the first instance." *Id.* at ¶ 36 (Kennedy, J., concurring in part and concurring in judgment only in part).

{¶ 48} The parties' decision not to raise the viability of the void-sentence doctrine prior to the appeal to this court thus presents a significant procedural hurdle to our consideration of the issue addressed by the majority in this case. Given the great importance of that issue, I would wait to address it until we have a more suitable case in which we can give it our full consideration unfettered by any arguable procedural concerns. Notably, this court has ordered briefing in other pending cases involving issues related to the void-sentence doctrine. *See State v. Henderson*, 155 Ohio St.3d 1421, 2019-Ohio-1421, 120 N.E.3d 867; *State v. Hudson*, 156 Ohio St.3d 1452, 2019-Ohio-2780, 125 N.E.3d 947. Because we consider cases involving the void-sentence doctrine relatively frequently, I believe it would be more prudent to address this issue in a more fitting case.

{¶ 49} Since I would not reach the issue regarding the continued viability of the void-sentence doctrine, I would proceed to consider the issues raised by the state in this appeal.

## II. The absence of "consequences" language does not render a sentence void

{¶ 50} With its second proposition of law, the state asks this court to hold that a trial court's failure to include in a sentencing entry language about the consequences of violating the conditions of postrelease control, as required by *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, does not render a sentence void. I would adopt this proposition of law and, on that basis, reverse the portion of the Tenth District's decision finding error and remanding the case to the trial court to correct the entry with a nunc pro tunc entry in compliance with *Grimes*.

{¶ 51} The state correctly acknowledges that the void-sentence doctrine was premised on the notion that "a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8. In other words, " '[a]ny attempt by a court to disregard statutory requirements * * * renders the attempted sentence a nullity or void.' " (Ellipsis sic.) *Id.* at ¶ 9, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). Accordingly, this court has held that certain failures by trial courts to comply with statutory requirements, even those beyond the context of postrelease control, constitute errors that render the sentence void. *See State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus (mandatory driver's-license suspensions); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus (mandatory fines); *Beasley* at 75 (statutorily-required minimum prison sentence).

{¶ 52} In contrast to those cases, which involved a trial court's failure to follow statutory requirements, there is no statutory requirement mandating that trial courts set forth in the sentencing entry the consequences of violating postrelease control. Rather, that requirement was imposed solely by this court in *Grimes*. Because there is no statutory requirement to include "consequences" language, there is no concern about the trial court imposing a sentence without statutory

20

authority when not including that language, and thus no concern about a trial court violating its "statutory duty" by imposing a sentence unauthorized by statute, *see State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 (holding that a trial court's failure to fulfill its statutory duty of providing notice of postrelease control at sentencing renders the sentence void).

{¶ 53} This court has stated its intention to limit the void-sentence doctrine to only cases in which a trial court violates a sentencing statute, *see Fischer* at ¶ 8-9, and it should not expand the doctrine in this case. Because a court that fails to comply with the *Grimes* "consequences" requirement does not act without statutory authority, a sentence imposing postrelease control without setting forth the consequences for violating postrelease control in the sentencing entry is not void but, rather, is voidable and subject to correction on direct appeal.

{¶ 54} I accordingly would hold that the absence of "consequences" language in a sentencing entry as required by *Grimes* does not render a sentence void. Because I would reverse the portion of the court of appeals' judgment finding error and remanding the case to the trial court to correct the entry in accordance with *Grimes*, I would decline to address the state's first proposition of law in this appeal.

### III. Conclusion

{¶ 55} I would defer considering whether we will continue to adhere to the void-sentence doctrine until that issue has been presented in a case in which we can give it our full consideration unfettered by any arguable procedural concerns. In considering the issues raised by the state in this appeal, I would hold that the absence of "consequences" language as required in *Grimes* does not render a sentence void. I accordingly concur only in the court's judgment.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellant.

Yeura R. Venters, Franklin County Public Defender, and George M. Schumann, Assistant Public Defender, for appellee.

Dave Yost, Attorney General, Benjamin M. Flowers, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Zachery P. Keller and Samuel C. Peterson, Deputy Solicitors, urging reversal for amicus curiae Attorney General Dave Yost.

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, urging reversal for amicus curiae Lucas County Prosecutor Julia R. Bates.

_____