[Cite as *State v. Reed*, 2022-Ohio-818.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

|                        |   |            |
|------------------------|---|------------|
| STATE OF OHIO,         | : |            |
| Plaintiff-Appellee,    | : | No. 110532 |
| v.                     | : |            |
| ROBERT REED,           | : |            |
| Defendant-Appellant.   | : |            |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649232-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Tim Young, Ohio State Public Defender, and Abigail Christopher and Lauren Hammersmith, Assistant Public Defenders, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Robert Reed pleaded guilty to one count of rape with a one-year gun specification, a second count of rape and one count of disrupting the public service. The trial court imposed the following sentences: on Count 1 —

an 11-year sentence in addition to one-year for the gun specification; on Count 2 — an 11-year sentence; and on Count 6 — an 18-month sentence. These sentences are to be served concurrently, but for the one-year gun specification which is to be served prior to, and consecutive with, the other sentences. In combination with Reagan Tokes, this results in an indefinite sentence of 12 to 17.5 years.[1] Reed appeals his sentence, arguing that the indefinite sentence, imposed under the Reagan Tokes Law, is unconstitutional. He raises the following assignment of error for our review:

> Assignment of Error: Because the Reagan Tokes Law violates the Ohio and U.S. Constitutions, Robert's sentence is contrary to law. R.C. 2953.08(G)(2); Sixth and Fourteenth Amendments of the U.S. Constitution; Articles I, II, and III of the U.S. Constitution; Article I, Sections 5, 10, and 16 of the Ohio Constitution; *State v. Sealy*, 8th Dist. Cuyahoga No. 109670, 2021-Ohio-1949, ¶ 45; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2021-Ohio-1809, ¶ 55. (3/15/2021 T. pp. 14-17, 40-41).

{¶ 2} Appellant contends that the Reagan Tokes Law is unconstitutional because it violates the separation-of-powers doctrine and the due process clause of the Constitutions of the United States and Ohio. However, this court's recent opinion specifically overruled both of those arguments. Accordingly, for the reasons set forth in this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, we overrule Reed's assignment of error.

{¶ 3} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

---

[1] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.