[Cite as *State v. Drewery*, 2022-Ohio-838.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No. 109587

    v.                                      :

JACQUISE DREWERY,                       :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-641033-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Anna Faraglia and Daniel Van, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Jacquise Drewery ("Drewery"), appeals from his sentence, raising the following assignment of error for review:

As amended by the Reagan Tokes Act, the Revised Code's sentences for first- and second-degree felonies violate the constitutions of the United States and the state of Ohio.

{¶ 2} After careful review of the record and relevant case law, we affirm Drewery's sentence.

## I. Procedural and Factual History

{¶ 3} In July 2019, Drewery was named in a nine-count indictment, charging him with murder in violation of R.C. 2903.02(A), with one- and three-year firearm specifications (Count 1); murder in violation of R.C. 2903.02(B), with one- and three-year firearm specifications (Count 2); voluntary manslaughter in violation of R.C. 2903.03(A), with one- and three-year firearm specifications (Count 3); felonious assault in violation of R.C. 2903.11(A)(1), with one- and three-year firearm specifications (Count 4); failure to comply in violation of R.C. 2921.331(B) (Count 5); failure to comply in violation of R.C. 2921.331(B) (Count 6); obstructing official business in violation of R.C. 2921.31(A) (Count 7); tampering with evidence in violation of R.C. 2921.12(A)(1) (Count 8); and grand theft in violation of R.C. 2913.02(A)(1) (Count 9).

{¶ 4} In January 2020, Drewery pleaded guilty to voluntary manslaughter, a felony of the first degree; failure to comply, a felony of the third degree; tampering with evidence, a felony of the third degree; and grand theft, a felony of the fourth degree, as charged in Counts 3, 6, 8, and 9 of the indictment. The remaining counts were nolled.

{¶ 5} At sentencing, the trial court sentenced Drewery to an indefinite prison term of seven to ten and one-half years on the voluntary manslaughter offense, to run consecutively to the accompanying three-year firearm specification. In addition, Drewery was sentenced to three years in prison on the failure to comply offense, three years in prison on the tampering with evidence offense, and 18 months in prison on the grand theft offense. The sentences imposed on Counts 3, 8, and 9 were ordered to run concurrently. By statute, however, the sentence imposed on the failure to comply offense was ordered to run "consecutive to the sentences on the remaining counts." Accordingly, Drewery was sentenced to an aggregate, indefinite term of 13 to 16 and one-half years in prison.[1]

{¶ 6} Drewery now appeals the constitutionality of his sentence.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, Drewery argues the trial court erred in sentencing him under the Reagan Tokes Law, which became effective March 22, 2019. He contends the Reagan Tokes Law is unconstitutional because it violates his constitutional rights to trial by a jury, separation of powers, and due process.

{¶ 8} In accordance with this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the constitutional challenges

---

[1] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

presented in this appeal are overruled.  Accordingly, Drewery's sole assignment of error is overruled.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision.  For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, P.J., concurring in part and dissenting in part).