[Cite as *State v. Riemer*, 2022-Ohio-1230.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 110308 |
| HECTOR RIEMER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 14, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652216-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Timms, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Defendant-appellant Hector Riemer brings this appeal challenging his indefinite sentence. Appellant argues that the trial court erred in imposing an

indefinite prison sentence because the Reagan Tokes Law is unconstitutional.  After a thorough review of the record and law, this court affirms.

## I. Facts and Procedural History

{¶ 2} In 2020, appellant was charged in a three-count indictment as follows: (1) Count 1, aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, with one- and three-year firearm specifications; (2) Count 2, felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, with one- and three-year firearm specifications; and (3) Count 3, carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree.

{¶ 3} The parties reached a plea agreement.  Appellant pleaded guilty to an amended Count 1, burglary, a felony of the third degree and to amended Count 2, felonious assault, with a one-year firearm specification.  The remaining count was nolled.  The trial court sentenced appellant to 36 months on Count 1.  On Count 2, the court sentenced appellant to one year on the firearm specification to be served prior to and consecutive to a minimum of three years and a maximum of four years and six months for a total indefinite sentence of four years to a maximum five and one-half years in prison.

{¶ 4} At sentencing, defense counsel objected to the imposition of an indefinite sentence on the ground that the Reagan Tokes Law was unconstitutional. The trial court stated that it had considered the constitutionality of the Reagan Tokes Law, found the law to be unconstitutional, but determined it was still going to impose an indefinite sentence of four to five and one-half years in prison.

{¶ 5} Appellant filed the instant appeal, challenging his indefinite sentence imposed under the Reagan Tokes Law.[1] Appellant assigns two errors for review:

> I.  As amended by the Reagan Tokes Act, the Revised Code's sentences for first- and second-degree qualifying felonies violate the Constitutions of the United States and the State of Ohio; trial court erred in imposing a Reagan Tokes indefinite sentence.

> II.  In the event this court finds that the first assignment of error was inadequately preserved, Mr. Riemer was denied his right to the effective assistance of counsel as protected by the Sixth and Fourteenth Amendments to the United States Constitution and By Article I, Section 10 of the Ohio Constitution.

## II. Law and Analysis

{¶ 6} In his first assignment of error, appellant argues that the Reagan Tokes Law, enacted through S.B. 201, is unconstitutional because it violates the right to trial by jury, the separation-of-powers doctrine, and the right to due process.[2] As noted, both the court and defense counsel raised the issue of whether the Reagan Tokes Law is constitutional at the sentencing hearing; therefore, the issue has been properly preserved for review.

{¶ 7} This court has recently conducted en banc review of the constitutionality of the Reagan Tokes Law.  *State v. Delvallie*, 8th Dist. Cuyahoga

---

[1] Neither party raised any issues as to the imposed sentence; therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

[2] The Ohio Supreme Court recently determined that a defendant's challenge to the Reagan Tokes Law is ripe for review on the defendant's direct appeal of his or her conviction and prison sentence. *State v. Maddox*, Slip Opinion No. 2020-1266, 2022-Ohio-764, ¶ 21.

No. 109315, 2022-Ohio-470.  In *Delvallie*, this court overruled the challenges presented in this appeal to the constitutionality of the Reagan Tokes Law.

{¶ 8} Pursuant to *Delvallie*, appellant's first assignment of error is overruled.

{¶ 9} In the second assignment of error, appellant argues that if this court determines he waived his objection to the Reagan Tokes Law by not raising the proper arguments at the trial-court level, then he was denied the effective assistance of trial counsel.

{¶ 10} In order to demonstrate ineffective assistance of counsel, appellant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Appellant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different.  *Id.* at 694.

{¶ 11} We have already determined that appellant's argument regarding the Reagan Tokes Law was properly preserved for appeal.  Accordingly, the second assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

MARY J. BOYLE, P.J., and
LISA B. FORBES, J., CONCUR


N.B.  Judge Lisa B. Forbes is constrained to apply *Delvallie*.  For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).