[Cite as *State v. Riggins*, 2023-Ohio-1043.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111773 |
| AYRAMIS RIGGINS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 30, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649918-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brad S. Meyer, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Ayramis Riggins, appeals the trial court's imposition of an indefinite sentence pursuant to Amended S.B. 201, commonly known as the Reagan Tokes Law. For the reasons that follow, we affirm.

{¶ 2}  In August 2020, Riggins and his codefendants were named in a 25-count indictment.  Counts 1, 17, and 18 pertained to Riggins, charging him with a second-degree felony in violation of R.C. 2923.42(A) — participating in a criminal gang, with attendant one- and three-year firearm specifications (Count 1); carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12(A)(2) (Count 17); and improperly handling a firearm in a motor vehicle, a fourth-degree felony in violation of R.C. 2923.16(B) (Count 18).  Counts 17 and 18 both sought forfeiture of a 9 mm Glock-style handgun.

{¶ 3}  In May 2022, Riggins pleaded guilty to an amended Count 1 — the state deleted the firearm specifications — and to Count 17 as charged, including agreeing to forfeit the firearm.  The state nolled Count 18.  The trial court imposed a suspended prison sentence and placed Riggins on two years of "community control/probation" on each count.  Over objection, the trial court sentenced Riggins on Count 1 in accordance with the Reagan Tokes Law to a two-year stated minimum term of imprisonment with a maximum term of three years.  On Count 17, the trial court imposed a concurrent sentence of six months.

{¶ 4}  Riggins now appeals, raising the following assignment of error:

> As amended by S.B. 201, the Revised Code's sentences for first- and second-degree qualifying felonies violate the constitutions of the United States and the state of Ohio; accordingly, the trial court plainly erred in imposing a[n] S.B. 201 indefinite sentence.[1]

---

[1] Neither party has raised any issues as to the imposed sentence; therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal.

{¶ 5} Riggins contends that the trial court erred when it sentenced him to an indefinite sentence under the Reagan Tokes Law because the law violates constitutional guarantees of due process, the separation-of-powers doctrine, and the right to trial by jury. He acknowledges that this court's en banc decision of *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, ¶ 17-51 (8th Dist.), rejected these arguments that challenge the constitutionality of the Reagan Tokes Law; thus he affirms that his arguments are advanced to preserve the claim for further review. Based on the authority of *Delvallie*, we summarily overrule Riggins's challenges and overrule his assignment of error.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

---

*State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, A.J., and
EMANUELLA D. GROVES, J., CONCUR


N.B. Administrative Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Administrative Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.