[Cite as *State v. Jones*, 2023-Ohio-1482.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 111991

    v.                                      :

SEAN M. JONES,                          :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 4, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664039-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Timms, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Sean M. Jones appeals the trial court's imposition of an indefinite sentence pursuant to S.B. 201, commonly referred to as the Reagan Tokes

Law. He brings this appeal challenging the constitutionality of the Reagan Tokes Law.

{¶ 2} Jones was charged under a seven-count indictment. He entered a guilty plea to Count 1, as amended, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1); Count 2, vandalism, a felony of the fifth degree, in violation of R.C. 2909.05(A); and Counts 3 and 4, aggravated menacing, misdemeanors of the first degree, in violation of R.C. 2903.21(A). The remaining counts were nolled.

{¶ 3} At sentencing, the trial court imposed a suspended sentence and placed Jones on four years of community control on each count. Over objection, the trial court sentenced Jones on Count 1 in accordance with the Reagan Tokes Law to a five-year stated minimum term of imprisonment with a maximum term of seven and a half years. The trial court also sentenced Jones on Count 2 to a concurrent prison term of one year, and on Counts 3 and 4 to time served.

{¶ 4} Under his sole assignment of error, Jones contends that the trial court erred when it found the Reagan Tokes Law to be constitutional and sentenced him to an indefinite sentence pursuant to S.B. 201. He claims that the Reagan Tokes Law violates constitutional guarantees of the right to a trial by jury, the separation-of-powers doctrine, and due process. He acknowledges that the same arguments challenging the constitutionality of the Reagan Tokes Law were rejected by this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, ¶ 17-51 (8th Dist.). Inasmuch as Jones has limited his constitutional challenge to the

issues resolved in *Delvallie* and seeks to preserve his challenge for further review, we summarily overrule the assignment of error and affirm the judgment of conviction.[1]

**{¶ 5}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Administrative Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

---

[1] We note that no other issue has been raised as to the imposed sentence; therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.