OPINION
{¶ 1} On August 5, 2005, the Licking County Grand Jury indicted appellant, Gregory Fitch, Jr., on five counts of rape in violation of R.C. 2907.02. Said charges arose from incidents involving appellant's girlfriend's daughter, a child less than ten years old.
 {¶ 2} On October 11, 2005, appellant filed a motion to suppress. A hearing was held on October 27, 2005. By judgment entries filed November 7, and December 21, 2005, the trial court suppressed appellant's taped statement made to police.
 {¶ 3} A jury trial commenced on December 21, 2005. The jury found appellant guilty of one count of rape and not guilty of the remaining counts. By judgment entry filed December 23, 2005, the trial court sentenced appellant to life in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "FITCH'S CONVICTION FOR GROSS SEXUAL IMPOSITION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN LIGHT OF THE TRIAL COURT'S ERROR IN PERMITTING THE JUVENILE VICTIM TO TESTIFY."
 {¶ 6} Although appellee, the state of Ohio, did not file a cross-appeal, it included the following cross-assignment of error in its appellate brief:
 CROSS-ASSIGNMENT OF ERROR I {¶ 7} "WHETHER THE TRIAL COURT ERRED IN SUPPRESSING THE TAPED PORTION OF THE APPELLANT-CROSS APPELLEE'S CONFESSION, FINDING THAT SOLELY BECAUSE THE UNCOMMUNICATED, SUBJECTIVE INTENT OF THE DETECTIVE WAS TO ARREST HIM AFTER TAPING HIS CONFESSION, MAKING THE TAPED PORTION OF THE INTERVIEW CUSTODIAL."
 I {¶ 8} Appellant claims the trial court erred in finding the victim, a seven year old child, was competent to testify. Appellant claims the trial court's voir dire of the victim-witness was deficient because it failed to make any inquiry as to whether the victim could receive accurate impressions of fact. We disagree.
 {¶ 9} Evid.R. 601 governs general rules of competency. Subsection (A) states, "Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
 {¶ 10} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." Statev. Frazier (1991), 61 Ohio St. 3d 247, syllabus.
 {¶ 11} "Such determination of competency is within the sound discretion of the trial judge. The trial judge has the opportunity to observe the child's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. Thus, the responsibility of the trial judge is to determine through questioning whether the child of tender years is capable of receiving just impressions of facts and events and to accurately relate them." Id. at 251 citing, State v. Wilson (1952),156 Ohio St. 525.
 {¶ 12} We have examined the voir dire and find the victim-witness was able to relate the fact that she was held back to repeat the first grade and this would be her second year in the first grade; she was able to relate it was wrong to tell a lie; and she was able to relate how many times she had talked with the prosecutor. T. at 15-20.
 {¶ 13} Upon review, we cannot find any abuse of discretion on the part of the trial court given the testimony cited supra.
 {¶ 14} The sole assignment of error is denied.
 CROSS-ASSIGNMENT OF ERROR I {¶ 15} In its brief, appellee sets forth a cross-assignment of error relating to the trial court's ruling on a motion to suppress some of the evidence. We find appellee has not properly perfected a cross-appeal. See, App.R. 3(C). We further conclude the issue is moot given our denial of appellant's sole assignment of error.
 {¶ 16} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.