[Cite as *State v. Fitch*, 2021-Ohio-1150.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. William B. Hoffman, J. |
| -vs- | |
| | Case Nos. 2020 CA 00020 & |
| | 2020 CA 00060 |
| GREGORY E. FITCH, JR. | |
| | |
| Defendant-Appellant | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case Nos. 2005 CR 00381 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 31, 2021 |
| APPEARANCES: | |


| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| WILLIAM C. HAYES<br>Licking County Prosecutor | GREGORY E. FITCH, JR.<br>Inmate #A509624<br>Marion Correctional Institute |
| PAULA M. SAWYERS<br>Assistant Prosecuting Attorney<br>20 S. Second Street, Fourth Floor<br>Newark, Ohio  43055 | P.O. Box 57<br>Marion, Ohio  43301 |

*Hoffman, J.*

{¶1}    Defendant-appellant Gregory Fitch appeals the judgments entered by the Licking County Common Pleas Court denying the Plaintiff-appellee state of Ohio's motion for resentencing, and overruling Appellant's motion for appointed counsel to pursue an appeal from the trial court's entry denying the State's motion for resentencing.

STATEMENT OF THE CASE[1]

{¶2}    On December 23, 2005, Appellant was convicted of rape of a child under the age of ten, and sentenced to life in prison.  He appealed to this Court, and we affirmed the conviction and sentence. *State v. Fitch*, 5th Dist. Licking No. 06CA7, 2006-Ohio-5406.

{¶3}    The State filed a motion to resentence Appellant to add a term of post-release control on September 20, 2019.  Following a hearing, the trial court overruled the motion on the basis Appellant was serving a life sentence to which post-release control did not apply.  It is from the January 30, 2020 judgment denying the State's motion Appellant prosecutes appellate case number 2020 CA 00020, assigning as error:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CORRECT THE VOID TERM OF POST RELEASE CONTROL AT THE RESENTENCING HEARING PURSUANT TO O.R.C. §2929.191 VIOLATING PROCEDURAL DUE PROCESS AND SUBSTANTIAL DUE PROCESS OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION, ARTICLE I, SEC. 10.

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

**{¶4}**   Appellant filed a motion for appointed counsel to prosecute his appeal in case number 2020 CA 00020, which was denied by the trial court.[2]   It is from the September 10, 2020 judgment of the trial court denying his motion for appointed counsel Appellant prosecutes his appeal in case number 2020 CA 00060, assigning as error:

THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH CRIMINAL RULE 44(A)'S GUARANTEE THAT A DEFENDANT HAS A RIGHT TO APPOINTED COUNSEL FOR HIS DIRECT APPEAL, AND CRIMINAL RULE 32(B)'S MANDATE THAT THE COURT SHALL NOTIFY THE DEFENDANT THAT IF HE IS UNABLE TO OBTAIN COUNSEL FOR AN APPEAL, COUNSEL WILL BE APPOINTED WITHOUT COST, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, AND 16, ARTICLE I, AND SECTION 3, ARTICLE IV, OHIO CONSTITUTION.

**{¶5}**   This Court consolidated the appeals on February 8, 2021.

I.

**{¶6}**   In his first assignment of error, Appellant argues the trial court erred in failing to correct the void term of post release control.

**{¶7}**   On May 14, 2020, the Ohio Supreme Court reversed its prior jurisprudence which held a sentence which did not properly impose post-release control was void, and

---

[2] Appellant also filed a motion in this Court for appointed counsel on appeal in 2020 CA 00020, which was denied on March 16, 2020.

thus subject to challenge in proceedings other than a direct appeal from the original judgment of conviction and sentence. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. Pursuant to *Harper,* any error in a trial court's exercise of its subject matter jurisdiction in imposing post-release control renders the judgment voidable, not void. *Id.* at ¶42. Because an error in imposition of post-release control renders the judgment voidable and not void, it is subject to review on direct appeal, and any challenge to post-release control raised in a collateral proceeding after direct appeal is barred by res judicata. *Id.* at ¶41.

**{¶8}** We find any error in imposition of or failure to impose post-release control is now barred by res judicata, as this is not a direct appeal from Appellant's judgment of conviction and sentence. The first assignment of error is overruled.

II.

**{¶9}** In his second assignment of error, Appellant argues the trial court erred in overruling his motion for appointed counsel. Crim.R. 44 only affords a defendant the right to appointed counsel through his or her first appeal as of right. *State v. Clumm*, 4th Dist. Athens No. 08CA32, 2010-Ohio-342, ¶ 1. Similarly, the Ohio and United States Constitutions do not afford a defendant the right to appointed counsel after his first appeal as of right. *Id.* Further, as discussed previously in this opinion, the trial court did not have jurisdiction to resentence Appellant in the instant case. Because this was a collateral proceeding and not a direct appeal, we find the trial court did not err in overruling Appellant's motion for appointment of counsel.

**{¶10}** The second assignment of error is overruled.

**{¶11}** The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, J.

Baldwin, P.J.  and

Gwin, J. concur