[Cite as *State v. Sanders*, 2022-Ohio-1066.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110653 |
| v. | : | |
| CARL SANDERS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646542-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Anna M. Faraglia and Daniel T. Van, Assistant Prosecuting Attorneys, *for appellee.*

Rick L. Ferrara, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Carl Sanders appeals from his indefinite, life and non-life felony sentences imposed upon his pleading guilty to the aggravated murder of David Brown in violation of R.C. 2903.01(A), two felonious assault charges against

separate victims, a weapons violation, and receiving stolen property. For the following reasons, we affirm Sanders's convictions.

{¶ 2} Sanders and two other victims drove to the laundromat where the victim, David Brown, worked. Sanders shot at two other victims, who fled to their car and attempted to drive away out of self-preservation. Brown, a veteran who honorably served in the armed forces, came from inside the laundromat where he worked and pleaded with Sanders to put the gun down. Sanders shot Brown in the stomach. After Brown fell to the ground, Sanders stood over him, went through his pockets, and then shot him in the head. The murder was memorialized on security camera footage.

{¶ 3} After Sanders pleaded guilty, the trial court imposed sentences on the aggravated murder of David Brown, two counts of felonious assault with a firearm as committed against other victims, having weapons while under disability, and receiving stolen property. The aggregate prison term comprised 15 years to life, consecutive to a three-year firearm specification for the aggravated murder charge; an indefinite term of four years, along with a one-year firearm specification for one of the qualifying non-life felony[1] felonious assault charges to be served concurrent to an eight-year definite term on the other felonious assault that was not a qualifying felony offense (which according to the court aggregated to an eight-year minimum

---

[1] Under R.C. 2929.144(A), a qualifying felony offense is a felony of the first or second degree committed after March 22, 2019, for which an indefinite, non-life sentence is imposed under R.C. 2929.14(A)(1)(a) or (2)(a) and R.C. 2929.144.

term, consecutive to the one-year firearm specification sentence, with a maximum term of 13 years); 36 months for the having weapons while under disability charge to be served consecutive to the sentences imposed for the aggravated murder and felonious assault counts; and 18 months for the receiving stolen property charge to be served concurrent with the remaining sentences.[2]

{¶ 4} In this appeal, Sanders presents a single assignment of error in which he broadly claims that his "indefinite sentences" are void as being in violation of the separation-of-powers doctrine under the Constitutions of the United States and the state of Ohio or are void for vagueness. Sanders makes no attempt to distinguish between his indefinite life sentence imposed for the murder charge and the indefinite, non-life sentence imposed upon the qualifying felony offense under R.C. 2929.144.[3] Nonetheless, Sanders's argument with respect to the separation of

---

[2] Because sentencing errors, including the erroneous imposition of sentences, are merely voidable under *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, we must limit our analysis to the issues as presented and make no determination as to the validity of the imposed sentences. App.R. 16(A)(7).

[3] In *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 1, the Ohio Supreme Court declared that R.C. 2953.08(D)(3) does not preclude an offender from appealing a sentence imposed for aggravated murder when a defendant raises a constitutional claim regarding that sentence, despite the fact that R.C. 2953.08(D)(3) expressly provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review" under Ohio's felony sentencing appeal statute. According to *Patrick*, R.C. 2953.08(D)(3) is not a jurisdictional bar against challenge to the constitutional validity of a sentence because under R.C. 2953.08(A), an offender only has the right to challenge his sentence as being contrary to law and "contrary to law" does not include constitutional challenges. Thus, according to *Patrick*, constitutional challenges are not within the scope of R.C. 2953.08, negating the impact of *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22 ("R.C. 2953.08(D)(1) is another example of a statutory limit on a court of appeals' jurisdiction to hear an appeal."), and *State v. Gwynne*, 158 Ohio St.3d 279, 2019-

powers analogizes the indefinite sentencing scheme to Ohio's "bad time" law under former R.C. 2967.11, which provided the executive branch the power to keep a prisoner in jail beyond the sentence imposed by the trial court. *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 132, 729 N.E.2d 359 (2000). Sanders's remaining claim challenging the alleged due process violations are entirely dependent on the panel decisions in *State v. Sealey*, 8th Dist. Cuyahoga No. 109670, 2021-Ohio-1949, and *State v. Daniel*, 2021-Ohio-1963, 173 N.E.3d 184 (8th Dist.).

{¶ 5} We need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the constitutional challenge Sanders advances against the validity of the Reagan Tokes Law has been overruled, and *Sealey* and *Daniel* have been vacated by a majority of this court sitting en banc. *See id.* at ¶ 103. As a result, Sanders's arguments challenging the constitutional validity of the indefinite sentences, whether those are the non-life indefinite or the life indefinite sentences, must also be overruled. All other convictions are affirmed because no arguments have been presented to challenge them.

{¶ 6} We affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

Ohio-4761, 141 N.E.3d 169, ¶ 9 (only the legislature may grant or divest a defendant with the right to appeal a sentence).

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.