[Cite as *State v. Thomas*, 2022-Ohio-1241.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellant,             :

                                      No. 110800

    v.                                :

SHANDALL THOMAS,                         :

    Defendant-Appellee.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 14, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649205-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Thomas Rein, *for appellee.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant the state of Ohio appeals from the judgment of conviction in this case. In that judgment, the trial court sentenced defendant-appellee Shandall Thomas to a three-year prison term. The three-year term was imposed on Count 5, drug possession, a qualifying, second-degree felony subject to the Reagan Tokes Law. The trial court declined to apply the Reagan Tokes Law, however, finding it to be unconstitutional. For the reasons set forth below, we reverse the judgment and remand the case to the trial court for a new sentencing hearing.

**Facts and Procedural History**

{¶ 2} In April 2021, appellee pleaded guilty to assault, a fourth-degree felony; drug possession, a second-degree felony; drug possession, a fifth-degree felony; and having weapons while under disability, a third-degree felony.

{¶ 3} The sentencing took place in August 2021. The trial court did not sentence appellee under the Reagan Tokes Law because it found the law unconstitutional.[1] The state placed an objection on the record.

{¶ 4} The state appeals and presents the following sole assignment of error for our review: "The trial court erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201."[2]

---

[1] The three-year term was imposed on Count 5, drug possession, a second-degree felony. Appellee was not sentenced on the remaining counts because he had already served his time on them.

[2] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal.

**Law and Analysis**

{¶ 5} The state contends that the Reagan Tokes Law does not violate (1) the Sixth Amendment right to a jury trial, (2) the doctrine of separation of powers, or (3) due process rights.

{¶ 6} In accordance with this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the constitutional challenges presented in this appeal are sustained.

{¶ 7} Therefore, the sole assignment of error is sustained.

{¶ 8} Judgment reversed. The case is remanded for a new sentencing hearing in accordance with the Reagan Tokes Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing.

---

*State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR