[Cite as *State v. Walker*, 2022-Ohio-1404.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 110839 |
| v. | : | |
| KEVIN WALKER, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 28, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643439-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew F. Rogalski, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} In 2021, Kevin Walker, Jr., pled guilty to 23 counts of a 131-count indictment stemming from a violent burglary and carjacking spree. The trial court sentenced Walker on Count 1, engaging in a pattern of corrupt activity, a felony of the second degree, to an indefinite sentence of two to three years in prison under the Reagan Tokes Law, enacted through S.B. 201 and as defined under R.C. 2901.011. For the other 22 counts, the trial court sentenced appellant to definite sentences ranging from 180 days to two years in prison. The trial court ordered the sentences on Count 1, Count 47,[1] Count 58,[2] and Count 128[3] to run consecutive to all other counts for an aggregate sentence of a minimum of 10 years in prison to a maximum of 11 years in prison. On appeal, Walker challenges only his indefinite sentence (Count 1) under the Reagan Tokes Law.[4] He argues that the Reagan Tokes Law is unconstitutional because it violates the right to trial by jury, the separation-of-powers doctrine, and the right to due process.[5]

{¶ 2} The arguments presented in this appeal do not present novel issues or new theories challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by this court's en banc decision in *State v. Delvallie*,

---

[1] 36 months, failure to comply with order or signal of police officer, R.C. 2921.331(B).

[2] 24 months, having weapons while under disability, R.C. 2923.13(A)(2).

[3] 36 months, failure to comply with order or signal of police officer, R.C. 2921.331(B).

8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Accordingly, pursuant to *Delvallie*, we overrule Walker's assignment of error.

{¶ 3} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

---

[4] Neither party has raised any issues as to the imposed sentence; therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

[5] The Ohio Supreme Court recently determined that a defendant's challenge to the Reagan Tokes Law is ripe for review on the defendant's direct appeal of his or her conviction and prison sentence. *State v. Maddox*, Slip Opinion No. 2022-1266, 2022-Ohio-764, ¶ 21.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR


N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.