[Cite as *State v. Perry*, 2022-Ohio-1590.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110901 |
| v. | : | |
| WALTER PERRY, JR., | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 12, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-652391-A and CR-21-657696-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Mussman, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Walter Perry, Jr. ("Perry"),[1] appeals his sentence following guilty pleas. For the reasons set forth below, we affirm.

## Procedural and Factual History[2]

{¶ 2} On September 8, 2021, pursuant to negotiated plea agreements with the state, Perry entered guilty pleas in three separate cases. In Cuyahoga C.P. No. CR-21-657696-A ("657696"), Perry entered a guilty plea to a single count of third-degree felony drug possession. In Cuyahoga C.P. No. CR-20-654739-A ("654739"), Perry entered guilty pleas to one count of fifth-degree felony unauthorized use of a motor vehicle and to one count of misdemeanor assault. In Cuyahoga C.P. No. CR- 20-652391-A ("652391"), Perry entered a guilty to a single count of first-degree felony involuntary manslaughter. In exchange for Perry's guilty pleas, the state dismissed the remaining charges in all three cases.

{¶ 3} Prior to accepting the guilty pleas, the trial court advised Perry that the indefinite sentencing structure, under the Reagan Tokes Act, was applicable to the first-degree felony involuntary manslaughter. The trial court then gave Perry a detailed explanation of the framework of the Reagan Tokes Act.

{¶ 4} Thereafter, on September 16, 2021, in 652391, the trial court sentenced Perry, pursuant to the Reagan Tokes Act, to serve a minimum of four

---

[1] Appellant also goes by the name of Walker Perry, Jr.

[2] The appeal stems from a negotiated guilty plea, and Perry's sole challenge is to the constitutionality of the sentence imposed. Therefore, we will not render a detailed recitation of the underlying facts.

years and a maximum of six years for involuntary manslaughter. Defense counsel objected to the trial court's imposition of an indefinite sentence.

{¶ 5} In 654739, the trial court sentenced Perry to serve one year for the unauthorized use of a motor vehicle and to serve six months for misdemeanor assault. In 657696, the trial court sentenced Perry to serve nine months for drug possession.

{¶ 6} Perry now appeals and assigns the following sole error for review:

### Assignment of Error

The trial court violated appellant's constitutional rights by imposing a Reagan-Tokes sentence under S.B. 201.

### Law and Analysis

{¶ 7} In the sole assignment of error, Perry argues that the Reagan Tokes Act is unconstitutional because it violates the right to trial by jury, the separation-of-powers doctrine, and the right to due process.[3]

{¶ 8} However, we need not dwell on the arguments presented. The Ohio Supreme Court held in *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, that constitutional challenges to the Reagan Tokes Act are ripe for review. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges Perry advanced against the constitutional validity of the Reagan Tokes Act have been overruled. *Id*. at ¶ 17-54.

---

[3] Neither party has raised any issues as to the imposed sentence; therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

**{¶ 9}** Accordingly, we overrule the sole assignment of error.

**{¶ 10}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).