[Cite as *State v. Copeland*, 2023-Ohio-4131.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                           No. 112762

    v.                           :

ANTHONY COPELAND,                       :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 16, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-87-214421-B and CR-86-213510-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Anthony Copeland, *pro se.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Anthony Copeland ("Copeland"), appeals the denial of his postconviction motion to vacate his sentences in two separate cases. He claims the following errors:

1. The trial court erred or abused its discretion by denying appellant's motion to vacate unlawfully imposed sentence, especially when the sentence is void for having been imposed contrary to statute.

2. The trial court's failure to strictly comply with the necessary procedural requirements of the processes established by the general assembly when it imposed the mandatory firearm specification sentences and mandatory sentences pursuant to R.C. 2929.14(C)(1)(a), did not invoke the subject matter jurisdiction of the trial court.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Copeland was convicted of and sentenced to multiple offenses in two cases. In Cuyahoga C.P. No. CR-87-214421-B, a jury found Copeland guilty of one count of aggravated robbery, in violation of R.C. 2911.01, with a three-year firearm specification, one count of carrying a concealed weapon in violation of R.C. 2923.12, with violence specifications, and one count of having a weapon while under disability with a three-year firearm specification. The court found that the firearm specifications applied to different acts and transactions and sentenced Copeland to three years on each of the firearm specifications, to be served consecutively for a total of six years.

{¶ 4} On the base counts, the court sentenced Copeland to ten to 25 years on the aggravated-robbery conviction, four to ten years on the carrying a concealed weapon conviction, and three to five years on the having weapons while under disability conviction, to be served concurrently with each other but consecutive to the six years on the firearm specifications. Copeland's convictions were affirmed in

*State v. Copeland*, 8th Dist. Cuyahoga No. 54766, 1988 Ohio App.LEXIS 5033 (Dec. 15, 1988).

{¶ 5} In Cuyahoga C.P. No. CR-86-213510-ZA, a jury found Copeland guilty of two counts of rape, in violation of R.C. 2907.02(A)(2), and one count of kidnapping, in violation of R.C. 2905.01. The court sentenced Copeland to ten to 25 years on each count to be served concurrently with each other but consecutive to and prior to the sentence in Cuyahoga C.P. No. CR-87-214421-B.

{¶ 6} In April 2023, Copeland filed a motion to vacate his sentences in both Cuyahoga C.P. Nos. CR-86-213510-ZA and CR-87214421-B, arguing that his sentences were not authorized by law and were, therefore, void. The trial court denied the motion. Copeland now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 7} In the first assignment of error, Copeland argues the trial court erred in denying his motion to vacate his sentences because the sentences were not authorized by statute and are, therefore, void. In the second assignment of error, Copeland argues the sentences on the firearm specifications are void because the trial court failed to invoke the subject-matter jurisdiction of the court when it imposed sentences on the specifications. We discuss these assigned errors together because they both relate to Ohio's void sentence jurisprudence as articulated in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 34.

{¶ 8} In *Henderson*, the Ohio Supreme Court held that "[i]f the court has jurisdiction over the case and the person, any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable." *Henderson* at ¶ 37. A voidable judgment may only be set aside if successfully challenged on direct appeal. *Harper* at ¶ 26. And, "[t]he failure to timely—at the earliest available opportunity— assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 495, 159 N.E. 594 (1927). Thus, "[i]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 9} Copeland argues his sentences are void and should have been vacated because they were not authorized by law. If a judgment is void, "[i]t is a mere nullity and can be disregarded" and "[i]t can be attacked in collateral proceedings." *Id.*, citing *Tari* at 494. However, a trial court's judgment is only void if the court lacked personal or subject-matter jurisdiction. *Id.*; *Harper* at ¶ 42.

{¶ 10} Subject-matter jurisdiction refers to the court's constitutional or statutory power to adjudicate a case. *Harper* at ¶ 23. R.C. 2931.03 gives the common pleas courts original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. This original jurisdiction includes

subject-matter jurisdiction over felony cases. *Henderson* at ¶ 35. Copeland was convicted and sentenced on multiple felony counts in both cases. Therefore, the trial court had subject-matter jurisdiction to adjudicate both cases.

{¶ 11} "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *Henderson* at ¶ 36. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Id.*, citing *Tari*, 117 Ohio St. 481, 159 N.E. 594. Copeland does not dispute that the trial court had personal jurisdiction to render a valid judgment against him; he contends his sentences were not authorized by law.

{¶ 12} Because the trial court had personal and subject-matter jurisdiction over Copeland, any potential sentencing errors are voidable rather than void. Copeland's claims that his sentences are contrary to law should have been raised on direct appeal and are now barred by res judicata. Therefore, the trial court properly overruled the motion to vacate Copeland's sentences.

{¶ 13} The first and second assignments of error are overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR