[Cite as *State v. Bocook*, 2024-Ohio-2030.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DONALD BOCOOK,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-41

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 22-CR-0295

Judgment Affirmed

Date of Decision:  May 28, 2024

APPEARANCES:

    *Christopher Bazeley* for Appellant

    *Daniel J. Stanley* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Donald Bocook ("Bocook"), appeals the October 30, 2023 judgment entry of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On September 6, 2022, the Crawford County Grand Jury indicted Bocook on a single count of theft in violation of R.C. 2913.02(A)(1), (B)(2), a fifth-degree felony. Bocook appeared for arraignment on August 15, 2023, and entered a plea of not guilty.

{¶3} On October 30, 2023, Bocook withdrew his plea of not guilty and entered a plea of guilty, under a negotiated plea agreement, to the sole count of the indictment. The trial court accepted Bocook's guilty plea, found him guilty, and sentenced Bocook to seven months in prison.

{¶4} On November 6, 2023, Bocook filed a notice of appeal. He raises two assignments of error for our review.

**First Assignment of Error**

**The Trial Court Failed to Properly Advise Bocook That A Sentence For A Felony Conviction Must Be Served Consecutively To A Sentence For A PRC Violation At His Plea Hearing.**

{¶5} In his first assignment of error, Bocook argues that his guilty plea was not knowing, intelligent, or voluntary. In particular, Bocook argues that his guilty plea was not knowing, intelligent, or voluntary because the trial court "failed to

comply with the requirement to inform him of the *possible* maximum sentence" as required pursuant to Crim.R. 11 since it "failed to advise Bocook that he could be ordered to serve any sentence for a violation of [post-release control] consecutively to a sentence for a new felony during the plea colloquy." (Emphasis added.) (Appellant's Brief at 1-2).

*Standard of Review*

{¶6} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9. "'"Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."'" *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 10, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶7} Crim.R. 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *Montgomery* at ¶ 11. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31. "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Montgomery* at ¶ 11. *See Veney* at ¶ 14-17.

{¶9} "An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived." *Montgomery* at ¶ 12. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

*Analysis*

**{¶10}** On appeal, Bocook argues that the trial court did not substantially comply with Crim.R. 11(C)(2)(a).

**{¶11}** To substantially comply with the requirements of Crim.R. 11(C)(2)(a), a trial court must notify the defendant of: (1) the nature of the charge; (2) the maximum penalty involved; and (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶ 10-13. As part of the maximum penalty involved, a trial court must advise the defendant that he would be subject to post-release control upon the completion of any prison term imposed. *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 15.

**{¶12}** In the instant case, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a). Specifically, during the plea colloquy, the trial court notified Bocook of the maximum penalty involved, including the imposition of a discretionary term of post-release control. (Oct. 30, 2023 Tr. at 3-4).

**{¶13}** Further, the record reflects that Bocook signed a written-plea agreement acknowledging his understanding of the maximum penalty involved. The written plea further sets forth Bocook's understanding that he would be subject to discretionary post-release control for up to two years upon the completion of any prison term imposed.

**{¶14}** Irrespective of the foregoing, Bocook argues that his guilty plea is invalid because the trial court did not properly inform him of the *possible* penalties for a violation of post-release control. In particular, Bocook contends that the trial court failed to advise him that he could be ordered to serve any sentence for a violation of post-release control consecutively to a sentence for any new felony committed while on post-release control.

**{¶15}** Bocook's contention lacks merit because Crim.R. 11(C)(2)(a) does not require a trial court to inform a defendant of the possible penalties for a violation of post-release control. *Lane*, 2010-Ohio-4819, at ¶ 15. Rather, the trial court is required to advise the defendant only as to the maximum penalty involved, which includes, if applicable, an advisement on post-release control—not the possible penalties for a violation thereof. *Id.* at ¶ 15-16.

**{¶16}** Based on our review of the record, we conclude that the trial court substantially complied with the notifications required by Crim.R. 11(C)(2)(a). Accordingly, Bocook's guilty plea was made knowingly, intelligently, and voluntarily.

**{¶17}** Bocook's first assignment of error is overruled.

**Second Assignment of Error**

**The Trial Court Failed To Orally Advise Bocook Of The Imposition Of PRC At Sentencing.**

**{¶18}** In his second assignment of error, Bocook argues that the sentence imposed by the trial court must be vacated and the matter remanded for resentencing because the trial court did not orally inform him of post-release control during the sentencing portion of the combined hearing.

*Standard of Review*

**{¶19}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶20}** "'[A] trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing.'" *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, ¶ 11, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23, *overruled on other grounds by State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 40 (rejecting the void-sentence jurisprudence for errors committed in the imposition of post-release control). "The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is

discretionary or mandatory, and the consequences of violating postrelease control." *Bates* at ¶ 11.

{¶21} Pertinent to this case, R.C. 2929.19(B)(2)(e) requires a trial court to notify an offender who is being sentenced for a fifth-degree felony that he may be supervised under post-release control after he leaves prison. Further, the trial court must

> [n]otify the offender that, if a period of supervision is imposed following the offender's release from prison, * * * and if the offender violates that supervision or a condition of post-release control * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term * * * .

R.C. 2929.19(B)(2)(f).

{¶22} Here, the trial court held a combined change-of-plea and sentencing hearing wherein it notified Bocook, during the plea colloquy, that he would be subject to discretionary post-release control for two years following his release from prison. The trial court further notified Bocook of the consequences of violating post-release control. (Oct. 30, 2023 Tr. at 6). Although the foregoing notifications were not reiterated by the trial court during the sentencing portion of the combined hearing, the sentencing entry contained the required advisements.

{¶23} "When the trial court provides proper post-release control notification before accepting the defendant's guilty plea and then proceeds immediately to sentencing, the plea hearing and the sentencing hearing cannot, for purposes of the

post-release control statutes, reasonably be deemed to have been conducted separately." *State v. Renne*, 5th Dist. Fairfield No. 2020 CA 00036, 2021-Ohio-2648, ¶ 18. *See also State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 17, fn. 1 (recognizing that, when a trial court proceeds to sentencing immediately after the plea hearing, there is "no reason to consider the plea hearing and sentencing hearing to be two separate hearings for purposes of R.C. 2929.19(B)([4])").

{¶24} Based on the foregoing, we conclude that the notifications regarding post-release control provided by the trial court before accepting Bocook's guilty plea at the combined change-of-plea and sentencing hearing satisfied its statutory duty to provide notice of post-release control at the sentencing hearing. *See Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, at ¶ 11. Consequently, Bocook's sentence is not contrary to law.

{¶25} Bocook's second assignment of error is overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**